Labauye, J.
This suit is brought against the estate of Royal March, on a mortgage note dated 5th January, 1858, payable twelve months after its date, for §5,000, with a credit endorsed on the note, 26th June, I860, for §110 50.
The defendant, among other defenses, specially pleaded the prescription of five years.
The District Court, after hearing the evidence, gave judgment for plaintiff, and the defendant took this appeal.
The citation and petition were served twice on 'the defendant. On the 10th June and 19th July, 1865.
It is contended that the payment credited on the note 26th June, 1S60, acknowledged the debt and interrupted prescription, but there is no evidence showing by whom and when this endorsement was made, and it is well settled that, without such proof, the credit would not interrupt prescription. 11 R. 119. 1 A. 119. 7 A. 518. 10 A. 275. 12 A. 661. Therefore, the prescription commenced running from the 8th of January, 1859, and the note was prima facie prescribed on the flth of January, 1861; in that case, it was incumbent on the plaintiff to prove facts or circumstances, showing that prescription had been interrupted or suspended.
There is nothing in the record going to show that plaintiff could not have brought her suit sooner; the mere existence of the'war did not suspend prescription as a general rule. Upon questions of prescription, ihe circumstances and facts of each case, and the respective situation and residence of the parties must he taken into consideration as to the impossibility of bringing suit.
As the case stands, by the evidence in the record, were we to pass upon the question of prescription, wo are satisfied that the note would be considered prescribed. Wo think that justice requires the remanding of the case, in order to give the plaintiff a chance to show by further evidence that proscription was interrupted or suspended. Both parties have suggested in their briefs, the remanding of the case in order to have an opportunity to introduce further evidence on both sides.
It is therefore ordered and decreed, that the judgment appealed from be annulled and avoided, and that the case be remanded for further proceedings according to law; the plaintiff and appellee to pay costs of appeal.